UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 18 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ANTHONY P. LANE, )
)
       Plaintiff, )
)
v. ) Civil Action No. 14-1224
) (VNA)
UNITED STATES, )
)
       Defendant. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* with his *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to

prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

Stated briefly, the complaint is unintelligible. The Court cannot identify the particular wrongs the United States allegedly has committed. As drafted, the complaint utterly fails to set forth a short and plain statement of plaintiff's claims, and it therefore will be dismissed. *See, e.g., Cofield v. Williams*, No. 96-5072, 1997 WL 68271, at *1 (D.D. Cir. Jan. 15, 1997) (affirming dismissal of "complaint and various pleadings [which] fail to provide sufficient information for appellees or the court to discern what appellees allegedly did wrong"); *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 20-21 (D.D.C. 2009) (dismissing complaint that "lacks essential elements such as a description of the alleged transactions, identifications of parties involved, and the dates and places of key events" for its failure to comply with Rule 8(a)).

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE:

7/17/14